IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RAMIN, INC.<br>　　d.b.a. Comfort Inn & Suites,<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex, and to provide appropriate relief to Sierra Dugeon ("Dugeon") who was adversely affected when Defendant terminated her employment due to her pregnancy.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The Plaintiff alleges that Defendant committed the unlawful employment practices within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Ramin, Inc., d/b/a Comfort Inn & Suites, a Michigan corporation, has continuously done business in the State of Michigan and the City of Taylor, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dugeon filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Beginning on or about September 18, 2011, Defendant engaged in unlawful employment practices at its facility doing business as Comfort Inn & Suites in Taylor, Michigan, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). On or about September 18, 2011, after Dugeon informed Defendant of her pregnancy, Defendant forbade Dugeon from returning to her position as a housekeeper until she could provide a doctor's note releasing her to perform certain functions of her job, and then terminated her employment on or about September 20.

8. Because of the practice, complained of in paragraph seven above, Defendant deprived Dugeon of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex and pregnancy.

9. Defendant intentionally committed the unlawful employment practices complained of in paragraph seven.

10. Defendant committed the unlawful employment practices complained of in paragraph seven with malice or reckless indifference to the federally protected rights of Dugeon.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminating against employees and applicants for employment due to their sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Dugeon whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement and front pay to Dugeon.

D. Order Defendant to make Dugeon whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven in amounts to be determined at trial.

     E.     Order Defendant to make Dugeon whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, humiliation, mental anguish, injury to character or reputation, and injury to professional standing, in amounts to be determined at trial.

     F.     Order Defendant to pay Dugeon punitive damages for its malicious and reckless conduct described in paragraph seven, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>/s/ Laurie A. Young_____<br>Laurie A. Young<br>Regional Attorney<br>Indianapolis District Office<br><br><br>/s/ Kenneth Bird_____<br>Kenneth Bird<br>Supervisory Trial Attorney | /s/ Lauren Gibbs Burstein_____<br>Lauren Gibbs Burstein<br>Senior Trial Attorney<br><br>Detroit Field Office<br>477 Michigan Ave., Room 867<br>Detroit, MI 48226<br>(313) 226-4620<br>Lauren.gibbs@eeoc.gov |